MEMORANDUM *
Sarkis Yesaian, a native and citizen of Iran, petitions for review of a decision by the Board of Immigration Appeals affirming an immigration judge’s denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture.[1] The IJ found that Yes-aian was not a credible witness due largely, though not exclusively, to inconsistencies between his testimony at the first and the second hearings on the merits of his applications for relief. We deny Yesaian’s petition for review.
We must sustain the IJ’s adverse credibility determination for two reasons. First, one of the grounds the IJ offered in support of the credibility finding did not depend on the transcript from the first merits hearing, that is, the transcript on which Yesaian contends the IJ should not have relied. Rather, in this instance, the IJ pointed to a significant discrepancy between Yesaian’s asylum application and his testimony at the second merits hearing, regarding whether he was arrested and taken to the Commiteh after “religious people” attacked him and his wife at home in October 1997. Failing to remember whether one was arrested after such an incident surely “bear[s] a legitimate nexus to the determination that the petitioner did not meet his burden of establishing eligibility for asylum.” Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003).
Second, the record does not compel us to conclude that the transcript of the first merits hearing could not properly be relied *729 upon to support the adverse credibility determination. That portions of the recording of the first hearing were inaudible and could not be transcribed did not impeach the quality of the translation for the portions that were transcribed. Yesaian has failed to show that the translation services provided at the first hearing were incomplete or inadequate. See Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir.1993). Though the IJ later made critical, though unspecific, comments about the interpreter who served at the first hearing, it was that same IJ who decided that the transcript from that hearing could be relied upon. The first interpreter’s limitations must not, in the view of the IJ, have been so severe or of a kind as to make the transcript untrustworthy. Yesaian offered no other proof that the translation at the first hearing was defective.
For the foregoing reasons, substantial evidence supports the IJ’s denial of asylum, withholding of removal, and CAT relief to Yesaian. On the same grounds, we also conclude that Yesaiaris due process rights were not violated during his immigration proceedings.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment art. 3, opened for signature Dec. 10, 1984, 1465 U.N.T.S. 85.